LEONARD B. ORLOFF CO. *v.* WALKER & CO.

1. JUDGMENT—DEFAULT—BILL TO SET ASIDE—SHOWING—SUFFI-
CIENCY.

In a suit to set aside a default judgment and for leave
to answer, where the bill does not deny service of process
as shown in the return, contains no showing of merits,
does not disclose a meritorious defense to the action, does
not explain why the service of process was disregarded,
and does not deny the indebtedness, the decree of the
court below dismissing the bill will be affirmed.

2. APPEAL AND ERROR—COMPLAINT NOT SHOWN IN RECORD.

Plaintiff's complaint that the chancellor refused to permit
the bill to be amended so as to make a further showing
upon the question of the merits of plaintiff's defense
will not be considered by this court where no motion to
amend or refusal to permit appears in the record.

Appeal from Wayne; Driscoll (George O.), J., pre-
siding. Submitted April 27, 1921. (Docket No.
26.) Decided June 6, 1921.

Bill by Leonard B. Orloff Company against Walker
& Company to set aside a default judgment, and to
stay an execution. From a decree dismissing the bill,
plaintiff appeals. Affirmed.

*Julian Dickinson,* for plaintiff.

*Guy A. Birge,* for defendant.

BIRD, J. Defendant brought suit in the Wayne cir-
cuit court to recover certain moneys which it claimed
were owing it from plaintiff. The suit was begun by
declaration and the return of the officer thereon shows
that it was served on plaintiff by delivering to Leonard
B. Orloff, the president of the plaintiff company, a

copy of the declaration. Plaintiff paid no attention to the service, and in due time defendant entered its default and took a judgment for $3,045.50. An execution was issued thereon and placed in the hands of the sheriff. When notified by the sheriff that he had such execution plaintiff filed this bill, briefly stating therein the facts and praying for an order setting aside the judgment and default and permitting it to enter its appearance and defend on the merits, also praying for an injunction to stay the execution. Upon this showing a temporary injunction was issued to restrain the collection of the judgment. The defendant answered the bill and at the same time entered a motion to dissolve the injunction and dismiss the bill. The motion was heard and granted. We are now asked by plaintiff to reverse the conclusion of the chancellor.

We are impressed, as doubtless the chancellor was, that the showing in the bill was exceedingly meager upon which to base the relief asked. The following paragraph constitutes substantially all the material showing in the bill:

"Your orator respectfully shows unto the court that it has no knowledge of the afore-mentioned law case and of the service of the said declaration, and that unless your orator is given the opportunity to enter its appearance in the afore-mentioned case and defend upon the merits, and if said execution is not enjoined by order or injunction of this court, the aforesaid sheriff will levy the said writ of execution and cause your orator irremedial and irreparable damage."

The bill does not deny that service of process was made as the return shows, neither does it contain any showing of merits. It does not disclose that it has a meritorious defense to the action, it does not explain why the service of process was disregarded and does not deny the indebtedness. As near as can be gathered from plaintiff's brief, it is conceded that it

owes the defendant something, but not as much as was claimed.   We are of the opinion that under these circumstances the conclusion reached by the chancellor was the proper one.

Some complaint is made by appellant because the chancellor refused to permit the bill to be amended so as to make a further showing upon the question of the merits of its defense.   Counsel discusses this question in his brief and complains because he was denied this right, but we find nothing in the record to base it on.   We are unable to find in the record that any motion was made to amend the bill, or any refusal to permit it upon the part of the chancellor. In view of this we cannot consider the question.

The decree is affirmed, with costs to the defendant.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.